Michael Kind, Esq.
Nevada Bar No: 13903
**KAZEROUNI LAW GROUP, APC**
7854 W. Sahara Avenue
Las Vegas, NV 89117
Phone: (800) 400-6808 x7
mkind@kazlg.com

David H. Krieger, Esq.
Nevada Bar No: 9086
**HAINES & KRIEGER, LLC**
8985 S. Eastern Avenue, Suite 350
Henderson, Nevada 89123
Phone: (702) 880-5554
dkrieger@hainesandkrieger.com
*Attorneys for Plaintiff Cecilia Wahlquist*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Cecilia Wahlquist,<br><br>            Plaintiff,<br><br>v.<br><br>Caine & Weiner Company Inc.,<br><br>            Defendant. | Case No: 2:17-cv-01787<br><br>**Complaint for Damages for Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., the Electronic Fund Transfers Act, 15 U.S.C. § 1693, et seq., and Conversion**<br><br>**Jury Trial Demanded** |

### INTRODUCTION

1. Congress has found that the use of electronic systems to transfer funds provides the potential for substantial benefit to consumers. Due to the unique characteristics of such systems, Congress passed the Electronic Funds

  Transfer Act to provide a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic funds transfer system, most particularly, to provide consumers with individual rights.

2. Cecilia Wahlquist ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenged the actions of Caine & Weiner Company Inc. ("Defendant") regarding attempts by Defendant to abusively and unlawfully collect a debt, and transferring funds from Plaintiff's banking account without permission to do so.

3. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that defendant named.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1367 for supplemental state claims.

5. This action arises out of Defendant's violations of (i) the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"); (ii) the Electronic Fund Transfers Act, 15 U.S.C. §1693 et seq. ("EFTA"); and (iii) conversion.

6. Venue is proper pursuant to 28 U.S.C. §1391 because all of the conduct giving rise to this Complaint occurred in Clark County, Nevada.

7. Defendant is subject to personal jurisdiction in Nevada as it is listed with the Nevada Secretary of State as a Foreign Corporation doing business in Nevada.

## PARTIES

8. Plaintiff is a natural person who resides in Clark County, Nevada, and is a "consumer" as defined by 15 U.S.C. §1692a(3) and 15 U.S.C. §1693a(6).

9. Defendant is a "person" as defined by Regulation E in 12 C.F.R. 1005.2(j) and used throughout the EFTA, and a "financial institution" as defined by 15 U.S.C. §1693a(9).

10. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. §1692a(6).

11. The term "electronic fund transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, or computer or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of sale transfers, and transfers initiated by telephone. *See* 15 U.S.C. §1693a(7).

### FACTUAL ALLEGATIONS

12. Sometime in or about 1997, in Sweden, Plaintiff is alleged to have incurred financial obligations to the original creditor (the "Debt").

13. As it is not relevant or material to this action, Plaintiff currently takes no position as to the validity of this alleged Debt.

14. The Debt was incurred primarily for personal, family, or household purposes, and is therefore a "debt" as defined by 15 U.S.C. §1692a(5).

15. Further, the Debt constitutes an "account" as defined by 15 U.S.C. §1693a(2) and 12 C.F.R. 1005.2(b)(1).

16. Sometime thereafter, Plaintiff allegedly fell behind in the payments on the Debt and thereby defaulted.

17. In or about November 2016, Plaintiff received a collection letter regarding the Debt from Defendant.

18. Shortly thereafter, Plaintiff contacted Defendant and arranged to make payments of $100 per month, for six months ("Monthly Payments").
19. Monthly Payments were made via electronic withdraws from Plaintiff's personal bank account.
20. The Monthly Payments were electronic funds transfers as defined by 15 U.S.C. §1693a(7).
21. On or about April 4, 2017, Plaintiff had a telephone conversation with Defendant regarding the Debt.
22. During the telephone conversation, Defendant changed the amount to be paid every month from $100 to $650.
23. Defendant violated 15 U.S.C. §1692e by making false and misleading representations as to the amount to be paid each month on the Debt.
24. Additionally, Defendant screamed at Plaintiff when it told Plaintiff that the new payments must be $650.
25. Defendant violated 15 U.S.C. §1692d by being harassing and abusive in the course of attempting to collect the Debt from Plaintiff.
26. On or about April 11, 2017, Plaintiff sent a cease and desist letter to Defendant wherein she revoked any and all previous authorizations to take electronic funds transfers from her bank account.
27. Defendant received the above-mentioned cease and desist letter on or about April 12, 2017.
28. On April 18, 2017, Defendant unlawfully electronically withdrew $105 from Plaintiff's bank account.
29. Defendant's unfair debt collection practices amount to violations of 15 U.S.C. §1692f.
30. This withdrawal was an unauthorized electronic funds transfer as defined by 15 U.S.C. §1693a(12) and 12 C.F.R. 1005.2(m), thereby violating 15 U.S.C. §1693, et seq.

31. By withdrawing the aforementioned funds, Defendant deprived and/or prevented access to Plaintiff's funds to pay bills and other personal purposes. To date, Defendant has not refunded this money to Plaintiff.

32. Defendant's conduct amounts to civil theft of Plaintiff's property in violation of common law conversion.

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE ELECTRONIC FUNDS TRANSFER ACT**
**15 U.S.C. §1692, ET SEQ.**

33. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §1692, et seq.

35. As a result of each and every violation of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. §1692k(a)(1), statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A), and reasonable attorneys' fees and costs pursuant to 15 U.S.C. §1692(a)(3).

**SECOND CAUSE OF ACTION**
**VIOLATION OF THE ELECTRONIC FUNDS TRANSFER ACT**
**15 U.S.C. §1693, ET SEQ.**

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. The foregoing acts and omissions constitute numerous and multiple violations of the EFTA.

38. As a result of each and every negligent violation of the EFTA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. §1693m(a)(1); statutory damages pursuant to 15 U.S.C. §1693m(a)(2)(A); and reasonable attorneys' fees and costs pursuant to 15 U.S.C. §1693m(a)(3).

### THIRD CAUSE OF ACTION
### CONVERSION

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. Defendant intentionally took monies from Plaintiff's bank account.

41. At all times, Plaintiff owned and/or had full possessory rights over the funds in her bank account.

42. At all times, Defendant had no possessory rights to the funds in Plaintiff's bank account.

43. Defendant prevented Plaintiff from having access to and full deprived Plaintiff of any possessor rights or enjoyment of his chattels or monies described above.

44. The conduct of Defendant was oppressive, fraudulent, malicious, and outrageous.

45. Defendant harmed Plaintiff by fully depriving Plaintiff of the full use, value, and enjoyment of the monies described above.

46. Defendant further caused Plaintiff to suffer emotional distress.

47. The conduct of Defendant was a substantial factor in causing Plaintiff this emotional distress and the harm described above in an amount to be proven at trial.

48. Plaintiff is entitled to punitive and exemplary damages in an amount to be establish at trial.

### PRAYER FOR RELIEF

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant:

- An award of actual damages pursuant to 15 U.S.C. §1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

- An award of costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k(a)(3;
- An award of actual damages pursuant to 15 U.S.C. §1693m(a)(1);
- An award of statutory damages of not less than $100, and not more than $1,000.00, pursuant to 15 U.S.C. §1693m(a)(2)(A);
- An award of costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. §1693m(a)(3);
- General and special damages in an amount to proven;
- Punitive damages in an amount to proven as to the Third Cause of Action; and,
- Any other relief this Court deems just and proper.

### TRIAL BY JURY

49. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury

DATED this 28th day of June 2017.

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: /s/ Michael Kind
Michael Kind, Esq.
7854 W. Sahara Avenue
Las Vegas, NV 89117
*Attorneys for Plaintiff*